UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:07CV829 HEA |
| MID-AMERICA PIPING, INC., et al., ) ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff/Counter-defendant's Motion to Dismiss, [Doc. No. 8]. Defendant/Counter-plaintiff opposes the motion. For the reasons set forth below, the motion is granted. Leave to amend will be granted.

## Facts and Background

Plaintiff brought this action seeking a declaration that it was not liable under a Commercial Auto Coverage policy of insurance issued to defendants for claimed hail damage to a certain tractor and trailer. Defendants filed a counter claim alleging breach of the insurance contract and vexatious refusal to pay. Defendants seek compensatory and punitive damages.

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint.

On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle [ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson*

*v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921.")

## Discussion

Plaintiff seeks dismissal of the Counter-claim because Defendant has failed to allege satisfaction of all conditions precedent to Plaintiff's obligations under the policy. Plaintiff further seeks dismissal of the punitive damages claim because, absent a separate, independent tort, punitive damages are not recoverable under contract law. Defendants respond by arguing that it has set forth its performance of certain conditions precedent.

Under the standard annunciated in *Twombly*, the Counter-claim fails to

include sufficient facts giving rise to a claim.  As both parties recognize, in order to state a claim for breach of contract, the complaint must set forth compliance with the conditions precedent to the contract.  *MFA Ins. v. Murphy*, 606 S.W.2d 661, 663 (MO. 1980).  While Defendants detail *certain* conditions precedent, the Counter-claim fails to allege that *all* conditions precedent have been satisfied.  As such, the Counter-claim fails to include enough facts to state a claim to relief that is plausible on its face.  The Counter-claim's shortcomings, however, are not fatal at this stage of the proceedings.  Defendants should, therefore be granted leave to amendment the Counter-claim to properly set forth their claim.

Furthermore, although Defendants claim Plaintiff's failure to pay was vexatious, Defendants' Counter-claim seeks punitive damages.  Plaintiff is correct in its argument that punitive damages, as such are not recoverable under contract law, while simultanously recognizing that statutory damages may be recovered, upon proof of vexatious refusal to pay, pursuant to 375.296 and 375.420 RSMo 2000.  It appears that Defendants intend to seek these statutory damages, however, as pled, the Counter-claim does not state a claim for such damages.  As with Defendants' breach of contract claim, Defendants should be given the opportunity to amend their Counter-claim to properly plead statutory damages if they indeed seek recovery under Sections   375.296 and 375.420 of the Revised Statutes of Missouri.

**Conclusion**

Defendants' Counter-claim fails to set forth a claim to relief, as stated. Although Defendant sets forth compliance with some conditions precedent to the insurance contract, it does not set forth compliance with all conditions precedent. Further, Defendants' claim of entitlement of punitive damages is not based on applicable law. Rather, it appears Defendants are seeking the imposition of statutory damages for vexatious refusal to pay, however, the Counter-claim fails to so state.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss, [Doc. No. 8], is GRANTED.

**IT IS FURTHER ORDERED** that Defendants are granted leave to file an Amended Counter-claim within 14 days from the date of this Order.

Dated this 7th day of September, 2007.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE